Pawan RAWAL, Petitioner,

v.

Peter D. KEISLER, Acting United
States Attorney General,[1]
Respondent.

No. 07–0779–ag.

United States Court of Appeals,
Second Circuit.

Oct. 19, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

Pawan Rawal, Richmond Hill, NY, pro se.

Peter D. Keisler, Assistant Attorney General, William C. Peachey, Senior Litigation Counsel, Alison Marie Igoe, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Pawan Rawal, a native and citizen of India, seeks review of a February 6, 2007 BIA decision affirming the June 30, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom, pretermitting his application for asylum, and denying his applications for withholding of removal and Convention Against Torture ("CAT") relief. *In re Pawan Rawal*, No. A79–743–296 (B.I.A. Feb. 6, 2007), *aff'g* No. A79–743–296 (Immig. Ct. N.Y. City June 30, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, we note that Rawal has never challenged the agency's pretermission of his untimely asylum application. As such, we deem that claim abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). Under 8 U.S.C. § 1252(d)(1), this Court "may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." This jurisdictional rule is absolute with respect to the requirements that an alien appeal to the BIA before filing a petition for review, *see Theodoropoulos v. INS*, 358 F.3d 162, 165–69, 174 (2d Cir.2004), and that on appeal to the BIA, he or she raise each category of relief subsequently raised in this Court. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 59 (2d Cir.2003)). Here, Rawal failed to challenge the IJ's denial of his CAT claim in his appeal to the BIA. Thus, as a statutory matter, we are without jurisdiction to consider any challenge to the agency's denial of CAT relief and must dismiss the petition for review to that extent. 8 U.S.C. § 1252(d)(1). Accordingly, only the agency's denial of Rawal's application for withholding of removal is properly before this Court.

As the Government argues, because Rawal failed to challenge the IJ's adverse credibility finding with sufficient specificity, he has failed to preserve any challenge to that finding. *See Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir.2007) (finding that "[t]o preserve an issue for judicial review, a petitioner must first raise it with specificity before the BIA"). Rawal's general statement that the inconsistencies cited by the IJ were "minor" in the "Facts of the Case" section of his brief did not suffice to challenge the adverse credibility finding. Rawal, who was represented by counsel during his appeal to the BIA, did not address any of the specific adverse credibility findings by the IJ, including his findings that Rawal (1) provided inconsistent testimony as to when his brother was arrested; (2) provided "less

than convincing and persuasive" responses when asked to "clear up his testimony"; and (3) "skipped over several issues he was asked to respond to and provided explanations that were not convincing or persuasive," and was contradictory in his responses. The IJ also found that Rawal's demeanor "signaled to the court that [he] was being less than truthful." *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir. 2005) (finding that particular deference is given to the trier of fact's assessment of demeanor). Under the circumstances, Rawal's generalized and conclusory statements that the inconsistencies were minor and that he provided "coherent and consistent testimony" lack the specificity required to preserve any challenge to the credibility finding for review by this Court.

This Court has never held that a petitioner is limited to the "exact contours" of his or her argument to the agency. *Gill v. INS,* 420 F.3d 82, 85–86 (2d Cir.2005). However, a petitioner must challenge all dispositive bases for the denial of relief. *See Steevenez v. Gonzales,* 476 F.3d 114, 117–118 (2d Cir.2007). Because the adverse credibility finding, standing alone, was a sufficient basis for the denial of Rawal's application for withholding of removal, his failure to challenge that finding before the BIA is fatal to his petition for review.

Finally, the BIA's decision not to remand the case *sua sponte* for the IJ to consider the additional documents Rawal submitted was entirely discretionary. As such, we lack jurisdiction to review that decision. *See Azmond Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. Having completed our review, petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot.